IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-179-D

| | |
|---|---|
| COURTNEY T. BRISSETT, and LADWIN BRISSETT, </br></br> Plaintiffs, </br></br> v. </br></br> CRAVEN COUNTY, et al., </br></br> Defendants. | **ORDER** |

On September 19, 2014, Courtney T. Brissett and Ladwin Brissett ("Brissett" or "plaintiffs"), appearing pro se, filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings [D.E. 1]. The court grants the motion to proceed in forma pauperis, permits the filing of the complaint, but dismisses the complaint for failure to state a claim upon which relief can be granted.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiffs' latest complaint is part of a series of failed legal actions arising from their disappointment over their investment in 2006 in real estate in Craven County, North Carolina. See Brissett v. Wells Fargo Bank, N.A., No. 4:13-CV-243-D, [D.E. 55] 1 n.1 (E.D.N.C. Sept. 26, 2014) (unpublished) (collecting cases). In their latest complaint, plaintiffs have added defendants. Nonetheless, plaintiffs again have failed to state a claim upon which relief can be granted. See id. 1–4.

In sum, the court GRANTS Brissett's application to proceed in forma pauperis [D.E. 1], PERMITS the filing of the complaint, and DISMISSES the complaint [D.E. 1-1] for failure to state a claim upon which relief can be granted.

SO ORDERED. This 26 day of September 2014.

JAMES C. DEVER III
Chief United States District Judge